## ALEXANDERS *v.* GOODWIN.

54  423
66  143

A declaration in assumpsit by husband and wife is not supported by evidence of a promise to the wife *dum sola*. *Pickering* v. *DeRochemont*, 45 N. H. 67.

Where the wife is joined with the husband as a plaintiff, the declaration should show that the wife is the meritorious cause of action. *Ib.*

A motion in arrest may be made at any time before judgment.

A husband cannot be joined with his wife in an action to recover the value of her earnings, acquired either before or after their marriage.

Whether, where the husband is thus joined, an amendment of the writ by striking out his name may be permitted—*quære?* *Kent* v. *Gray*, 52 N. H. 578.

In the absence of fraud, the report of an arbitrator in favor of the plaintiffs thus improperly joined will not be set aside, unless the arbitrator indicates his desire that the court shall revise his decision upon matters of law.

Before an award can be set aside for mistake of law on the part of the arbitrator, it must appear that he would not have made such an award had he known what the law was. *Sanborn* v. *Murphy*, 50 N. H. 65.

ASSUMPSIT, on the common counts, by Emma F. Alexander and her husband, William E. Alexander, against Westley Goodwin. Writ dated June 27, 1872. The specification was this : This action is brought to recover the amount due for eight weeks' work of Emma F. Alexander, for the defendant, in December, 1869, and January and February, 1870, for five weeks' work in April and May, 1870, and for five weeks' work in May and June, 1871, at $4 per week, $72; and for $25 paid by Emma F. Alexander, part pay for a sewing machine bought by the defendant, in 1869, 1870, and 1871, in small sums at a time, $25=$97. The labor was performed and the money paid by the female plaintiff before her marriage.

At the May term, 1873, by agreement, the action was referred under a rule of court. The arbitrator made a general award that the plaintiffs recover $97. The plaintiffs moved for judgment. The defendant moved in arrest of judgment, on the ground that the husband ought not to have been joined as plaintiff.

Case reserved.

*Wadleigh & Wallace*, for the plaintiffs, cited and commented upon *Cooper* v. *Alger*, 51 N. H. 174 ; *Johnson* v. *Noble*, 13 N. H. 286 ; *Pierson* v. *Hobbes*, 33 N. H. 31 ; *White Mts. R. R.* v. *Beane*, 39 N. H. 107 ; *Sanborn* v. *Murphy*, 50 N. H. 65 ; *Underhill* v. *Van Cortland*, 2 Johns. Ch. 339 ; *Forseth* v. *Shaw*, 10 Mass. 253 ; *Merrill* v. *Gold*, 1 Cush. 457 ; *Page* v. *Monk*, 5 Gray 492; *Salisbury* v. *Matthews*, 12 Gray 333; *Pomeroy* v. *Trimper*, 8 Allen 403.

J. B. *Clark*, for the defendant, cited and commented upon *Pickering* v. *DeRochemont*, 45 N. H. 67 ; *Abbott & ux.* v. *Blofield*, Cro. Jac. 644 ; *Bridgwood* v. *May & ux.*, 2 W. Black. 1236 ; *Sanderson* v. *Griffin*, 5 B. & C. 909 ; *Titus* v. *Ash*, 24 N. H. 319, 338 ; Brown on Actions at Law 937 ; *Thorne & ux.* v. *Dillingham*, 1 Den. 254 ; 1 Chitty Pl., secs. 1, 2 ; Gould's Pl. 183 ; Gen. Stats., ch. 164, sec. 1 ; *Cooper* v. *Alger*, 51 N. H. 174 ; *Fling* v. *Goodall*, 40 N. H. 208 ; *Fletcher* v. *State Cap. Bank*, 37 N. H. 391 ; *Alny* v. *Harris*, 5 Johns. 175 ; *Boston* v. *Shaw*, 1 Met. 138 ; 1 Chitty Pl. 33 ; Gen. Stats., ch. 232, secs. 11, 12 ; *Greenough* v. *Rolfe*, 4 N. H. 357 ; *Adams* v. *Adams*, 8 N. H. 90 ; *Cummings* v. *Tute*, 50 N. H. 22 ; *Boardman* v. *England*, 6 Mass. 70 ; *Bigelow* v. *Newhall*, 10 Pick. 348 ; *Yeaton* v. *Brown*, 52 N. H. 14 ; *Thrasher* v. *Haynes*, 2 N. II. 419 ; *Lee* v. *Elkins*, 12 Mod. 587 ; *Peters* v. *Pierce*, 8 Mass. 388 ; Yelverton 98 ; *Jay* v. *Simpson*, 2 N. H. 179 ; *Pierson* v. *Hobbes*, 33 N. H. 39 ; *Boston Water Power Co.* v. *Gray*, 6 Met. 131 ; *Knox* v. *Symons*, 1 Ves. Jr. 370 ; *Johnson* v. *Noble*, 13 N. H. 293 ; *Harris* v. *Social Manf. Co.*, 8 R. I. 133 ; *Roberts* v. *Carter*, 28 Barb. 462 ; Morse on Arb. 317, 321 ; 2 Story's Eq. Jur., secs. 1, 457.

FOSTER, J. The declaration is in assumpsit by husband and wife for. labor performed and money paid for the defendant, the promise being alleged to have been made to the plaintiffs jointly, although it is conceded and averred by the plaintiffs' specification that the labor and the money were furnished by the female plaintiff prior to her marriage.

The contracts stated in the declaration and in the specification are, therefore, entirely different.

And it is quite clear that such a declaration as this cannot be supported by such facts as are disclosed by the specification. When the wife is joined with the husband, the declaration should show that the wife is the meritorious cause of action. The specification cannot modify or amend the declaration. The declaration is bad, therefore; for not setting forth the manner in which the wife is interested.

This defect may be taken advantage of in the manner resorted to by the defendant, namely, by motion in arrest of judgment. *Pickering* v. *DeRochemont*, 45 N. H. 67, is an authority in support of all the foregoing propositions. And a motion in arrest may be made at any time before judgment. Tid. Prac. 740, 918, 927.

It would not avail the plaintiffs to amend the writ and declaration in such manner as to conform to the specification, for then the case would fall within the condemnation of the Gen. Stats., ch. 164, secs. 1, 13, as construed by this court in *Cooper* v. *Alger*, 51 N. H. 172,—the law and the practice conformable to it now being that, since a married woman *shall* hold to her own use, free from the interference or control of her husband, all property, earnings, &c., acquired by her either before or after her marriage, there is no more propriety in joining with her, in a suit to recover the price of such earnings, her husband, who has no interest in or control over the claim, than there would be in joining any totally indifferent stranger. *Whidden* v. *Coleman*, 47 N. H. 297.

.

These two plaintiffs have no joint cause of action at law against the defendant, and he was under no liability to them jointly. Neither can the writ be amended by striking out the name of the husband. The action was commenced June 27, 1872. The act of July 3, 1872, which provides that writs may be amended by striking out the name of a plaintiff, also provides that the act shall apply to existing suits; but this application of the act to pending suits to such an extent as to " change no cause of action into a good cause of action, and operate as a substantial creation of a new suit that could be maintained, in place of an old one that could not," I think will not be regarded as constitutional by this court, since the decision of *Kent* v. *Gray*, 52 N. H. 576, 578.

Our earlier statutes of jeofails were none of them broad enough to admit of such an amendment—Gen. Stats., ch. 207, *Pickett* v. *King*, 4 N. H. 212, *Rand* v. *Dodge*, 12 N. H. 67, *Whidden* v. *Coleman*, before cited; but this case was referred to an arbitrator under a general and unrestricted submission.

In making a general award that the plaintiffs recover, he has either intentionally or ignorantly disregarded the law. Whatever may have been his knowledge concerning the rule of law which requires the wife to sue without joining her husband in such an action as the present, it is probable he did not at all consider the rule of pleading in such cases, which, the defendant says, in argument, was " not even mentioned by the counsel on either side at the trial [before the arbitrator] having escaped their notice." His attention like theirs was probably directed to the main question of fact presented by the case, exclusive of the technical objection now occurring to the defendant's counsel as an afterthought, and having nothing to do with the real merits of this case.

The law is well settled in this state, " that arbitrators who are not restricted by the terms of the submission have full power to decide all questions of law as well as fact arising in the case before them;   *   * that if, under a general or unrestricted submission, they either do not undertake to govern their action and decision by the rules and principles of law as applied in the courts; or, intending to decide in accordance with those rules and principles, but also intending, upon due consideration, to act and decide definitively upon the matters before them, without submitting their judgment to the court for revision, their conclusions will not be disturbed, and their award will be sustained." The only exception to the rule, that an award will not be set aside on account of a mistake in or disregard of law, is when the arbitrators have manifestly fallen into such an error, in relation to a point not considered by them, but assumed, as prevented or must have precluded them from exercising their judgment upon the matters submitted to them. *Sanborn* v. *Murphy*, 50 N. H. 65, and cases cited. Before an award can be set aside for mistake of law on the part of the arbitrator, it must appear that he would not have made such a decision as he did had he known what the law was—*Sanborn* v. *Murphy*, before cited; and we can by no means infer that the result would have been different

if the arbitrator had been (as he may have been) fully aware of the strictly legal objection to the maintenance of the suit in the form presented to him.

There is no pretence that the award is not an equitable one ; the arbitrator has not indicated that he desires the court to revise his decision upon matters of law ; there is no intimation of corruption or misbehavior. It is the policy of the law to sustain rather than set aside awards, to raise no presumption against them, and to make every reasonable intendment in their support. Still, the defendant may, if he desires, have the report recommitted for the purpose of inquiring whether the arbitrator intended to decide according to strict law,— whether he understood the law,—whether, in case he mistook the law, his decision would have been different if he had not mistaken it, and whether he intended or now desires to submit his report to the court for revision.

Unless such a course is adopted, the motion in arrest of judgment

Must be denied.